**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**CITY OF CANTON, Mayor William Truly, Jr.,
Alderwoman Alice Scott, Aldermen Rodriguez Brown,
Billy Myers, Charles Weems, Louis Smith,
Reuben Myers and Eric Gilkey**                                                    **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO.: 3:11-CV-00318-CWR-LRA**

**NISSAN NORTH AMERICA, INC.**                                         **DEFENDANT**

**And**

**JIM HOOD, ATTORNEY GENERAL FOR
THE STATE OF MISSISSIPPI, EX REL.
THE STATE OF MISSISSIPPI**                                             **INTERVENOR**

---

**PLAINTIFFS' MEMORANDUM OF AUTHORITIES IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANT NISSAN NORTH AMERICA, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Plaintiffs, City of Canton; William Truly in his official capacity as Mayor; Alice Scott, in her official capacity as Alderwoman at large; Rodriquez Brown, in his official capacity as Alderman of Ward 1; Billy Myers, in his official capacity as Alderman of Ward 2; Charles Weems, in his official capacity as Alderman of Ward 3; Louis Smith, in his official capacity as Alderman of Ward 4; Reuben Myers, in his official capacity as Alderman of Ward 5; and Eric Gilkey, in his official capacity as Alderman of Ward 6, submits this Memorandum of Authorities in support of their response in opposition to Defendant's Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil procedure. In support thereof, would show the following, to wit:

## **INTRODUCTION**

During a specially called 2000 Legislative Session, the Mississippi legislature ushered in a Bill, which would have a dramatic effect  on Mississippi's long-standing history of public

policy that a municipality may not bind their successors in office, taking away from them rights and responsibilities conferred by law. *Humble Oil and Refining v. State,* 41 So.2d 765 (Miss. 1949); *Smith v. Mitchell,* 1 So.2d 765 (Miss. 1941); *American Oil Co. v. Marion County,* 192 So. 296 (Miss. 1939); *Edwards Hotel & City St. R. Co. v. City of Jackson,* 51 So. 802 (Miss. 1910). The Mississippi Legislature on November 6, 2000, adopted House Bill Number 1 in its Third Extraordinary Session, 2000 (the "Act"). The Act, specifically under Section 18(2), made substantive changes to Miss. Code Ann §21-1-59, which granted a sitting Mayor and Board of Aldermen the authority to enter into an agreement creating a moratorium on the municipalities ability to enlarge its boundaries through annexation.  This contractual moratorium would then be binding to their municipality's successors. Further, in its amendment to Miss. Code Ann §21-1-59, the Act delegates to an industrial  entity, that has an adverse, personal, pecuniary interest in the decision, the power to consent or oppose an annexation of its property during the period in which the contract is in effect.  Pursuant to Section 18(2) of the Act, a municipality is authorized to agree that said municipality will not change its boundaries for a period of up to thirty (30) years so as to include within the limits of such municipality the site of a project, as defined in Sections 57-75-5(f) and 57-75-5(g) of the Mississippi Code of 1972, as amended (a "Project"), unless consent thereto shall be obtained in writing from the enterprise operating the Project.  See Ex. A, First Amended Complaint at §14.

In this action, Plaintiffs, challenge the constitutionality of the Mississippi Legislature House Bill Number 1, Third Extraordinary Session, 2000("the Act"), which, in pertinent part, authorized the City of Canton to enter an agreement with Nissan North America; Inc., and bind its successors to said agreement.  Further, Plaintiff's challenge the validity of the agreement made between the City of Canton and Nissan, whereby the city administration agreed not to annex a certain parcel of land for a period of thirty years.

1.    LEGAL STANDARD(S)

Standards Governing Rule 12(c).

A Rule 12(c) motion for judgment on the pleadings may be brought at any time after the pleadings are closed. Fed. R. Civ. P. 12(c). The standard applied to decide a Rule 12(c) motion is the same as the standard used in a Rule 12(b)(6) motion to dismiss for failure to state a claim.

Judgment on the pleadings is appropriate when, assuming all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law.  In deciding whether to grant a motion for judgment on the pleadings, not only are the material facts alleged in the complaint assumed to be true, but all inferences reasonably drawn from the facts must be construed, and all doubts resolved, in favor of the non-moving party. *Hartford Cas. Ins. Co. v. Halliburton Co*., 826 So.2d 1206, 2001 Miss.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Rule 8 does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief -- including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier*, 503 F.3d at 401 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570, 127 S. Ct 1955, 167 L. Ed. 2d 929 (2007) (internal quotation omitted)). A plaintiff meets this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

**ARGUMENT**

**Miss. Code Annotated Seciont 21-1-59 does violate The Fourteenth
Amendment of the U.S. Constitution**

The Fourteenth Amendment of the United States Constitution states: No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law."   U.S. Constitution Amend. XIV, Section 1.   A Fourteenth Amendment violation occurs when the government treats one group differently from another in the pursuit of some social goal.  In the present case, then Mayor Alice Scott was told by deceased City Attorney Bill Collins  that the City of Canton would never be able to annex Nissan.  After hearing of this, Former Mayor Alice Scott, Former Alderman-at-Large William Truly, Jr. and former Alderman Kenneth Wayne Jones met with J. C. Burns and Jay Moon of the Mississippi Development Authority to discuss the City of Canton being able to annex Nissan.  The City of Canton and its citizens were treated differently than any other municipality in the State of Mississippi.  The City of Canton was deprived of its right to annex a facility in its path of growth when no other City in the State of Mississippi has been required to give up such a right.

As a result of the unconscionable agreement, the City of Canton provides City services through the use of its roads, police protection and fire protection, to the area in question, but yet receives no compensation for foregoing a right to annex an area within its path of growth.  The City of Canton and its citizens were denied their  right to equal protection based on the fact that, to its knowledge, no other City has been asked to agree to forego this right. The City of Canton and its citizens have been denied equal benefits of laws of the State of Mississippi, which gives municipalities the right to annex areas.  The City of Canton had a protectable property interest which the State of Mississippi deprived the municipality of that interest without procedural due

process of law.  The State of Mississippi took the property interest of the City of Canton for its own use; thereby depriving the City of Canton of its proprietary property interest.  The subject contract was unconscionable, against public policy, violated the State of Mississippi's Constitutional Probation against the giving of public property without just compensation, and is void for lack of consideration.

## THE AGREEMENT THE CITY OF CANTON ENTERED INTO IS UNENFORCEABLE BECAUSE IT WAS AN UNCONSCIONABLE AGREEMENT AND LACKED CONSIDERATION

An 'unconscionable' contract is one such as no man in his senses and not under a delusion would make on the one hand, and as no honest and fair man would accept on the other. *Wenninger v. Mitchell*, 122 S.W. 1130, 1132. The Court recognizes two types of contractual unconscionability: procedural and substantive. *East Ford, Inc. v. Taylor,* 826 So.2d 709, 714 (Miss. 2002), citing *Pridgen v. Green Tree Fin. Servicing Corp.,* 88 F.Supp.2d 655 (S.D.Miss. 2000) (other citations omitted). In discussing the distinguishing features of the two, the *East Ford* Court stated:

> Procedural unconscionability may be proved by showing "a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms".  826 So.2d at 714.

This Court went on to say that "substantive unconscionability may be proven by showing the terms of the arbitration agreement to be oppressive." *Id. See also* *Russell v. Performance Toyota, Inc., 826 So.2d 719, 725 (Miss. 2002)* ("Substantive unconscionability may be found when the terms of the contract are of such an oppressive character as to be unconscionable."). Further, "unconscionability has been defined as "an absence of meaningful choice on the part of one of the parties, together with contract terms which are unreasonably favorable to the other party."  Pitts v. Watkins, 905 So.2d 553 (Miss. April 2005).

This is exactly what is present in this instant case. House Bill 1, described as a bill to "provide incentives for certain projects developed under the Mississippi Major Economic Impact Act, was signed and approved by the Governor on November 11, 2000 during the Third Extraordinary Session. See House Bill 1. On exactly the same day a letter was drafted and mailed to Alice M. Scott, who was the Mayor for the City of Canton at that time. The letter stated that the State of Mississippi had been negotiating with "a major industrial client regarding the possible location of a large manufacturing plant in Mississippi," specifically citing "Madison County near the City of Canton" as the area of interest. The letter then goes on to state that Ms. Scott had expressed "frustration regarding her personal knowledge regarding the project." Further, the letter states that the State of Mississippi had been negotiating incentives to bring this "industrial client" to the State. Ironically, the incentives that apparently had been negotiated were those same incentives addressed in House Bill 1, signed and approved by the Governor on the same day the letter was written to the Mayor of the City of Canton.

In addition to the unconscionability of the contract, the contract also lacked consideration. This contract was clearly a contract of adhesion. The Court in *Covenant Health & Rehabilitation of Picayune, LP v. Estate of Moulds ex rel. Braddock 14,* So.3d 695, Miss. 2009, found that "Contracts of adhesion" are those that are drafted unilaterally by the dominant party and then presented on a take-it-or-leave-it basis to the weaker party who has no real opportunity to bargain about its terms, and are usually prepared in printed form." Id at 701. In the present case, the same day House Bill 1 was signed, the Mississippi Development Authority drafted a letter seeking the City of Canton to commit to certain incentives, which by their admission they'd already been in discussions with the Defendant, Nissan of North America, Inc. well before the letter had ever been sent as well as before the House Bill had been approved and signed by the Governor. As a

result of this letter, the City of Canton adopted a resolution, merely one day upon receiving the request from the Mississippi Development Authority despite the acknowledgement by the mayor that she was frustrated with her lack of knowledge about the transaction. (See November 6, 2000 letter from MDA). Apparently, this was not enough time for the City of Canton to have properly researched the requests made by the Mississippi Development Authority on behalf of the Defendant, Nissan America, Inc.

The Defendant argues that the City of Nissan voluntarily entered into this agreement on its own; however the Defendant does not take into consideration the strong suggestion in the letter dated November 6, 2000 from the Mississippi Development Authority, wherein they "asked the City of Canton to agree" all of the incentives in which the City agreed to just one day after the date of the letter. The Defendant had months, according to the Mississippi Development Authority, to research, investigate and negotiate the terms, which were most beneficial to promoting its objectives, whereas the City of Canton only had a matter of hours/days. The City of Canton as a result of its lack of time to seek the necessary expertise on the matter entered into an agreement, at the request of the Mississippi Development Authority, to waive all monetary benefits that cities generally receive, with the exception of a fee in lieu of property taxes, which would aid in assisting with the Canton Municipal School District. Meanwhile, the City of Canton would provide its resources for the upkeep of streets, police protection and fire protection for the area where the Defendant's facility is located. All these incentives again were negotiated, without the knowledge or input of the City of Canton; and subsequently asked to be provided.

In addition, the Defendant argues that the Defendant, in bringing its manufacturing facility to the area employed some 3000 people from Madison County, Canton and the State of Mississippi; however, the Defendant has not stated how many of those employees actually were

residents of the City of Canton.  The Defendant, misstates when it asserts that the agreement to annex the City of Canton "was a matter determined solely (emphasis added) in Canton's discretion."  See Defendant's Memorandum, Page 22.  Again, this was an item requested by the Mississippi Development Authority that the City of Canton agree to, as result of negotiations they had with the Defendant.

**The MS legislature's failure to obtain preclearance as required by Section 5 should
render the changes to Miss. Code Annotated §21-1-59  legally unenforceable**

While annexation is frequently viewed as a property rights issue, it also shapes municipal tax-rates, urban planning, and the racial and socio-economic composition of urban areas. As a result of the latter, municipal annexation is a government act closely monitored by the U.S. Department of Justice and federal courts under the Voting Rights Act.  There is no change to the composition of the jurisdiction's electorate if annexation does not take place; however, it is possible, that a failure to annex a given area may also invoke the VRA. In *City of Pleasant Grove v. United States*, 479 US. 462 (1987), the United States Supreme Court suggested that minority communities have a right to annexation.

Prior to enacting House Bill Number 1, Section 18(2), the legislature did not seek the required pre-clearance from the United States Department of Justice. "Any change affecting voting, even though it appears to be…indirect…must meet the section 5 preclearance requirement. 28 C.F.E §51.12.  Section 5 of the Voting Rights Act of 1964, as amended. was enacted by Congress to  prevent the restoration of illegal and discriminatory barriers to voting in jurisdictions, which had such laws in effect on November 1, 1964. Id. Section 5 mandates that such a "covered jurisdiction" cannot seek to enforce any change in voting, OR standard practice or procedure without receiving approval or preclearance of that change from the federal government. Id. Therefore, the legislature's failure to obtain preclearance of the voting changes

described in paragraph 10 as required by Section 5 renders the changes to Miss. Code Annotated

§21-1-59 legally unenforceable. 42 U.S.C. § 1973c.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings should be

denied.

This the **16th** day of March, 2012.

Respectfully submitted,

**CITY OF CANTON, ET AL,** PLAINTIFFS

By:  /s/ Edward Blackmon, Jr. Esq.
      EDWARD BLACKMON, JR., MSB #3354

OF COUNSEL:

Barbara Martin Blackmon, MSB #3346
Janessa E. Blackmon, MSB #101544
BLACKMON & BLACKMON, PLLC
907 West Peace Street
P. O. Drawer 105
Canton, MS  39046
Telephone: (601) 859-1567
Facsimile: (601) 859-2311

## CERTIFICATE OF SERVICE

I, Janessa E.  Blackmon, do hereby certify that on this day, I electronically filed the foregoing

*Plaintiffs' Response In Opposition to Defendant Nissan North America, Inc.'s Motion for*

*Judgment on the Pleadings* with the Clerk of the Court using the ECF system which sent notification

of such filing to the following:

H. Mitchell Cowan, Esq.
Kaytie M. Pickett, Esq.
JONES WALKER WAECHTER POITEVENT
CARRERE DENEGRE, LLP
190 East Capitol Street
Post Office Box 427
Jackson, MS 39205-0427

Harold E. Pizzetta, III, Esq.
Justin L. Matheny, Esq.
Office of the Attorney General
Post Office Box 220
Jackson, MS 39205

And I hereby certify that I have mailed by United States Postal Service the document to the

following non-ECF participants:

Samuel Jones, Esq.
NISSAN NORTH AMERICA, INC.
One Nissan Way
Post Office Box 685001
Franklin, TN 37068-5001

This the **16**th day of March, 2012.

/s/ Edward Blackmon, Jr.
EDWARD BLACKMON, JR.

Z:\oldFiles\CITY OF CANTON\City of Canton vs. NISSAN\Plaintiffs' Memorandum in Support of Motoin for Judgment on Pleadings 3.16.12.docx